Strafford, }
June, 1899. }

## FISH *v.* HOBART.

A creditor resident in this state is not made party to an insolvency proceeding in another state by the unauthorized act of his attorney in attending a meeting of creditors, and objecting to the selection of a proposed assignee.

ASSUMPSIT. Facts found by a referee. March 4, 1895, the defendant, who was indebted to the plaintiff, went into insolvency in Massachusetts. The plaintiff was a resident of New Hampshire and did not prove his claim; but his attorney, acting in his behalf, attended a meeting of the defendant's creditors called for the selection of an assignee, and objected to the appointment of one Brown. The attorney based his objection upon the ground that he represented a creditor having a large claim, and that he thought there might be some fraudulent collusion between the defendant and those of his creditors who desired Brown's appointment. He also stated to the court that the creditor whom he represented had not proved his claim, and that he did not know whether it would be proved. Thereupon the court appointed the plaintiff's attorney and Brown assignees. They accepted the trust and served until the defendant was discharged in insolvency, October 18, 1895. The attorney was not instructed by the plaintiff to appear at the meeting, and the plaintiff did not know how his attorney came to be appointed assignee.

The court ordered judgment for the plaintiff, and the defendant excepted.

*Samuel W. Emery*, for the plaintiff.

*Arthur G. Whittemore* and *John S. H. Frink*, for the defendant.

PEASLEE, J. The plaintiff's claim was not affected by the insolvency proceedings in Massachusetts, unless he in some way became a party thereto. *Perley* v. *Mason*, 64 N. H. 6; *Baldwin* v. *Hale*, 1 Wall. 223.

The acts of his attorney were not sufficient for this purpose. While the attorney attended the meeting and objected to the appointment of Brown as assignee, he at the same time stated that the plaintiff's claim might not be proved. The court was fairly informed that the plaintiff proposed to rely upon his rights as a non-resident, and that what was said by his counsel was merely such suggestions as it is the right and official duty of every attorney to make when he believes a fraud upon the court is attempted. The suggestions did not control the selection of an assignee. They were merely advisory, and the fact that in view of them the court saw fit to exercise the statutory power to appoint a co-assignee (Mass. P. S., *c.* 157, *s.* 41) cannot operate to the prejudice of the plaintiff's rights. Nor are those rights affected by the acts of the attorney as assignee, for he was then acting as trustee for the creditors and not as the plaintiff's agent.

*Exception overruled.*

PARSONS, J., did not sit: the others concurred.